**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DOCK COLEMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-00908-KJD-PAL |
| ) | |
| vs. ) | **REPORT OF FINDINGS AND** |
| ) | **RECOMMENDATION** |
| HORSESHOE CASINO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff failure to comply with this court's Order (Dkt. #4) and Order to Show Cause (Dkt. #5).

On June 14, 2012, the court entered an Order (Dkt. #4) requiring Plaintiff to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before June 27, 2012.  The order warned Plaintiff that his failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed."  *Id.*  Plaintiff failed to file his Certificate of Interested Parties and did not request an extension of time in which to comply with the court's Order (Dkt. #4).

On July 19, 2012, the court entered an Order to Show Cause (Dkt. #5) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #4).  The court directed Plaintiff to show cause in writing no later than July 18, 2012, why he had not complied with the court's Order (Dkt. #4).  The Order to Show Cause (Dkt. #5) advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions."  The order also indicated that filing the Certificate of Interested Parties by August 1, 1012 would satisfy the court that sanctions were not warranted and no further response to the order to show cause would be required.

Plaintiff failed to file a Certificate of Interested Parties by August 1st , failed to file a response to

the Order to Show Cause (Dkt. #5), and he has not requested an extension of time in which to do so. Plaintiffs' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. The Certificate of Interested Parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiffs have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** unless Plaintiff files the Certificate of Interested Parties no later than **September 28, 2012.**

Dated this 14th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE